WALDEN, Judge.
Defendant appeals his conviction of Delivery of Marijuana to Another, To-wit: J. Broussard.
We have reviewed the circumstantial evidence which led to the guilty verdict and conclude that it was insufficient as a matter of law. The evidence was inconclusive and equally consistent with innocence as it was with guilt. Pacetti v. State, 157 So.2d 445 (2nd D.C.A.Fla.1963).
To illustrate the lack of delivery, we accept the State’s version of the facts as follows :
“Philip McCann, with the Broward County Sheriff’s Department, testified that the police observed a Cadillac, whose driver was later identified as J. Broussard, drive up and park at the residence under surveillance. Broussard and the passenger got out and were met by Appellant who walked up to them. The officers observed the three have a conversation while walking to the barn. Appellant and Broussard returned after only several minutes, and Broussard opened the trunk of the Cadillac. Appellant and Broussard then appeared to examine a package which Brous-sard took out of the trunk. Then they closed the trunk, were met by the passenger, and returned to the residence. The officer did not know what was in the package. The police executed their warrant, and the vehicle was searched. Marijuana was found in the trunk of the form of spillage. ‘(I)t appeared as though somebody had placed something down and it spilled over the sides of what it had already been in.’
“Appellant has been observed earlier in the day stuffing some of the contents of the packages in the trailer into a green plastic bag. The trailer had more bundles in when the officers first saw Appellant open the trailer than when the picture of the trailer was taken around 11: 45 o’clock, at night when the arrest was made.”
While there is evidence of marijuana possession,[1] there is none as concerns delivery.
The judgment of conviction as to Count Three of the information in question is reversed and the clause remanded with in *253 structions to discharge appellant as concerns his conviction under this Count only.
Reversed and remanded.
MAGER and DOWNEY, JJ., concur,

. Appellant was convicted of such possession in a separate count.